**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1188
_____

FRANCIS G. LANDMESSER,
                                            Appellant

v.

HAZLETON AREA SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-12-cv-00759)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2014

Before: CHAGARES, GARTH and SLOVITER, Circuit Judges

(Filed: July 21, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Francis Landmesser appeals from an order of the District Court granting

summary judgment to the Hazleton Area School District on his complaint of age

discrimination in violation of federal law. For the reasons that follow, we will affirm.

Landmesser was 59 years-old and a substitute teacher when he applied for one of 13 elementary school full-time teaching positions in the Hazleton Area School District for the 2010-2011 school year. After being interviewed along with 94 other candidates, Landmesser was not offered the job. He filed suit pro se in the United States District Court for the Middle District of Pennsylvania, alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("It shall be unlawful for an employer-- (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."). The parties moved for summary judgment, Fed. R. Civ. Pro. 56(a). The School District denied that age played any part in its hiring decisions for the elementary school teacher positions, arguing that the successful candidates were the most outstanding based on their multiple certifications, relevant experience, advanced or diverse training, familiarity with instructional technology, and superior interviews. In an order entered on November 12, 2013, the District Court awarded summary judgment to the School District. Landmesser's motion for summary judgment was dismissed for his failure to comply with the requirements of M.D. Pa. Local Rule 56.1 regarding the need for a separate statement of material facts. The District Court later denied Landmesser's motion for reconsideration or to reopen the judgment, Fed. R. Civ. Pro. 59(e); Fed. R. Civ. Pro. 60(b).

Landmesser appeals. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant of summary judgment pursuant to Rule 56, and we apply the same standard that the District Court should have applied. See Regents

2

of Mercersburg College v. Republic Franklin Ins. Co., 458 F.3d 159, 163 (3d Cir. 2006).

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue of material fact is one that could change the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

We will affirm. To make out a prima facie claim of age discrimination based on a failure to hire, see 29 U.S.C. § 623(a)(1), a plaintiff is required to show that: (1) he belonged to a protected class; (2) the defendant failed to hire him; (3) he was qualified for the position in question; and (4) circumstances giving rise to an inference of discrimination accompanied the failure to hire him. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). To determine whether the adverse employment decision at issue was motivated by an illegal discriminatory purpose, we apply the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009). Once the plaintiff presents a prima facie case of discrimination, the burden shifts to the employer to show that the action it took was not discriminatory. See id. at 690. If an employer presents a non-discriminatory reason for the decision not to hire, the burden shifts to the plaintiff to "present evidence contradicting the core facts put forward by the employer as the

3

legitimate reason for its decision." Kautz v. Met-Pro Corp., 412 F.3d 463, 467 (3d Cir. 2005). A plaintiff must submit evidence which (1) "casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication;" or which (2) "allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994).

We agree with the District Court that Landmesser established a prima facie case of age discrimination,[1] and that the School District offered a legitimate, nondiscriminatory reason for declining to hire him. We further conclude that Landmesser failed to rebut the School District's proffered reason for not hiring him, and thus summary judgment for the School District was appropriate. As a threshold matter, to the extent that Landmesser has argued in his Informal Brief that the District Court erred in deeming the facts contained in the School District's Statement of Material Facts admitted pursuant to Local Rule 56.1, we find it unnecessary to address whether summary judgment should be vacated on this basis. It is clear to us that the District Court considered all record evidence and arguments on the merits in reaching its decision.

The summary judgment record shows that it was undisputed that the five members of the School District's Interview Committee were looking for prior experience within the District; multiple areas of certification, especially in the field of early childhood

---

[1] In addition to those things noted by the District Court as supporting a prima facie claim, the summary judgment record shows that several individuals 50 years of age or older, and one individual who was 60 years old, applied for the teaching positions and none of them received offers of employment. Supp. App. 159-60.

4

education and/or preschools (because most of the positions were for kindergarten through the third grade); familiarity with, or expertise in, areas of instructional technology; additional certification in the field of English as a Second Language; additional training in CPR, lifesaving, and crisis intervention; and prior experience or training in the Step by Step and/or Read 180 programs. The successful candidate was also expected to interview well.

The School District established through documents and affidavits that the successful candidates had Master's Degrees, early childhood education experience, student teaching experience within the District, multiple certifications, and/or instructional technology training, English as a Second Language training, and prior experience in the Step by Step or Read 180 programs; and they all came highly recommended.[2] The summary judgment record also shows that Landmesser has a Bachelor's Degree and professional certification in Elementary Education. In addition, he had two noteworthy letters of recommendation from the District Vice Principal, Daniel DeNoia, and Principal Maureen DeRose, attesting to his qualifications and competence. On the other hand, the School District established, and he did not rebut, that he lacked specific early childhood teaching experience, did not do his student teaching within the District, and did not stand out in his interview. He was criticized for interview answers that were generally shorter than average, and for giving an answer the Committee considered disappointing regarding the manner in which he would encourage

---

[2] The specific qualifications of the candidates hired were set forth in detail in the District Court's opinion. Because we write primarily for the parties, and they are familiar with these details, we will not repeat them here.

parent involvement.  Ultimately, Landmesser received two A- ratings on his interview score sheets.  None of the candidates hired received more than one A- rating.

Accordingly, the summary judgment record establishes a non-pretextual reason for the decision not to hire Landmesser; he simply fell a bit short in a couple of categories and did not stand out in his interview.  The summary judgment record fully supports the District Court's decision to award summary judgment to the School District on this basis.  There is no evidence in the summary judgment record, and Landmesser was given ample opportunity to present it, to show that the School District's proffered reason for not hiring him was a pretext for age discrimination.  See Smith, 589 F.3d at 689; Kautz, 412 F.3d at 467; Fuentes, 32 F.3d at 762.  Landmesser offered nothing to show a material factual dispute concerning whether age was a determinative factor for not hiring him.  The candidates hired, although they were substantially younger, were shown by the School District to be outstanding candidates with the necessary experience.  Landmesser failed to cite to any admissible evidence of record to support his claim of age-related animus or claim that he displayed qualifications that, in total, were superior to the qualifications of those who were hired.  Even if he was, as he maintained, an outstanding candidate, the decision not to hire him was not suspicious.  Maureen DeRose, Principal of the Hazleton Elementary/Middle School, who wrote a letter of recommendation for Landmesser and who also was a member of the Interview Committee, summed it up more or less perfectly when she stated in an affidavit that: "despite my own recommendation, I found the other candidates selected to be *more* outstanding."  Supp. App. 168 (emphasis added).

6

We agree with the District Court that our decision in <u>Potence v. Hazleton Area School District</u>, 357 F.3d 366 (3d Cir. 2004), is not evidence that the School District has a history of discriminating on the basis of age. <u>Potence</u> involved different decision-makers, a completely different position (for a plumbing/HVAC instructor) and application process, and a jury verdict in favor of the plaintiff, which we declined to overturn.[3] We further reject as unpersuasive Landmesser's contention that some of the desired experience and/or certifications required by the School District (early childhood experience, English as a Second Language, experience with technology) was subjective and thus evidence of pretext, <u>see</u> <u>Keller v. Orix Credit Alliance</u>, 130 F.3d 1101, 1109 (3d Cir. 1997) (issue is not whether the employer made the best or even a sound decision, but whether the real reason for the decision was discrimination). We also reject as unpersuasive his argument that student teachers in the District were afforded an opportunity to participate in Read 180 that he was not. The School District's provision of training to its student teachers is not evidence of discriminatory animus.

Last, the District Court properly denied reconsideration because Landmesser had a full and fair opportunity to present his case and he sought only to reargue matters the District Court had already properly rejected. <u>See</u> <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985).

---

[3] <u>Potence</u> adduced evidence at trial from which the jury could have concluded that one Dr. Shepperson was hostile to older candidates and that she had control over the hiring process. She directed one Dr. Lyba to hire "no more old plumbers," and she told someone else that "we are not going to hire any more old plumbers because the old plumbers cannot pass the certification test." <u>Potence</u>, 357 F.3d at 369.

For the foregoing reasons, we will affirm the orders of the District Court granting summary judgment to the Hazleton School District and denying reconsideration.